IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerry Alexander Canzater, #248373, ) | |
| ) | C.A. No. 0:08-3077-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Renardo Meyers; Officer Gazahdar; ) | |
| Doctor Kelvin Wiley; Nurse Rena Chisolm; ) | |
| Officer Felder, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Jerry Alexander Canzater ("Canzater"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging various violations to his civil rights.  In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing the complaint with prejudice.  Canzater filed a motion to voluntarily dismiss this case pursuant to Rule 41 of the Federal Rules of Civil Procedure without prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

Canzater filed objections to the Report and Recommendation on June 22, 2009.[2] Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Canzater's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Canzater specifically objects to the magistrate judge's recommendation to dismiss his case with prejudice and requests that the court dismiss the case without prejudice. Further, Canzater states that if the court is inclined to dismiss this case with prejudice, then he wants "the right to proceed with the case." (June 17, 2009 Objections ¶ 3.)

Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). The court recognizes that the Defendants have invested time and money into the litigation of this case. Defendants Kelvin Wiley and Rena Chisolm have filed

---

[2] Canzater submitted objections in two separately mailed documents. The first document dated June 17, 2009, indicates that Canzater wishes to proceed on the merits and not dismiss his case. The second document dated June 18, 2009, states that Canzater wishes to dismiss this action without prejudice. The court construes the later dated document to indicate that Canzater requests that this action be dismissed without prejudice.

an answer and a motion for summary judgment supported with exhibits. In addition, Defendants Renaldo Meyers and Officer Felder have filed an answer and a motion for summary judgment with supporting exhibits and affidavits. Further, a significant amount of time has passed since the Plaintiff filed this action. In addition, Canzater has provided no reason explaining why he wants to dismiss his case.

The court has reviewed the record in this case and finds that the Defendants will suffer no substantial prejudice if this action is dismissed without prejudice. The Defendants have expended time and resources preparing a motion for summary judgment, which is now ripe for decision. However, if Canzater files another action raising the same claims, the Defendants can utilize the arguments in the current motion for summary judgment without duplication of time and resources. In addition, this action is not on the eve of trial. Based on the foregoing, the court declines to dismiss this case with prejudice. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court declines to adopt Magistrate Judge Gossett's Report and Recommendation.

Therefore, it is

**ORDERED** that Canzater's motion to dismiss, docket number 56, is granted, and his complaint is dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.  
Senior United States District Judge

Greenville, South Carolina  
July 6, 2009

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.